OF

## THE STATE OF NEW JERSEY.

### MAY TERM, 1904.

---

WILLIAM J. MAGIE, ORDINARY.

ALFRED REED, VICE-ORDINARY, resigned June 15th, 1904.
JAMES J. BERGEN, VICE-ORDINARY, appointed
July 1st, 1904.

---

In the matter of the probate of the paper writing alleged to be
the last will and testament of MARY G. YOUNG, deceased.

[Filed November 14th, 1904.]

1. A surrogate may decline to receive a will propounded for probate if
not accompanied with a written application, such as is required by rule 1
of the orphans court rules. But if he has received it, and finds a caveat
filed, he is bound to issue citations, and the orphans court will acquire
jurisdiction to act thereon.

2. The "persons concerned," who are by the statute required to be cited,

include not only those benefited by the will and interested to support its probate, but also heirs-at-law and next of kin of the alleged testator.

3. An heir-at-law and next of kin who was not cited and did not know of or appear in the contest in the orphans court, is a person aggrieved by a decree admitting a will to probate, and may appeal therefrom to this court.

On appeal from the orphans court of Gloucester county.

*Mr. William J. Kraft,* for the appellant.

*Mr. Robert S. Clymer,* for the proponents.

MAGIE, ORDINARY.

This appeal brings into review a decree of the orphans court of Gloucester county, made on March 20th, 1903, admitting to probate the last will and testament of Mary G. Young, deceased, and directing letters testamentary to be issued thereon to William Collins, the executor named therein. The petition of appeal is filed by Emeline Stiles, as a person aggrieved by the decree. As ground for the reversal, the petition sets out that the decree is "contrary to the evidence and the law," and

"that the surrogate did not issue citations to all persons concerned to appear in the orphans court * * * upon the hearing on the caveat filed, * * * and because petitioner was not cited and had no notice of the hearing."

The transcript sent up on this appeal discloses a caveat dated January 9th, 1903, and presented to the surrogate of Gloucester county by Mary D. G. Whiteman, claiming to be a first cousin and heir-at-law of Mary G. Young, deceased, against admitting to probate any paper purporting to be her last will and testament. Then follows the alleged will of Mary G. Young, the citations issued to the witnesses thereto to appear and give evidence on March 20th, 1903, before the orphans court, and citations issued to the beneficiaries and executor of the said will, returnable at the same date, the service of which was acknowledged by their proctor. It discloses that on that day, counsel appeared for the caveator, and for the proponents of the will,

and that evidence was taken which appears in the transcript. On the same day the orphans court made a decree adjudging the instrument offered for probate to be the last will and testament of Mary G. Young, deceased; that it was properly executed, and that the testatrix was, at the time of its execution, competent to execute the same, and not under undue restraint or undue influence, and admitting the same to probate, and directing letters testamentary to be issued thereon.

Then follows the petition of William Collins, directed to the surrogate of Gloucester county, applying for probate of the will and letters testamentary thereon. This petition is dated on the 20th day of March, 1903.

The transcript does not disclose any petition, or application in writing, to the surrogate for the admission of the will to probate, prior to that dated March 20th, 1903, nor is that petition in conformity with rule 1 of the orphans court rules, because it omits to state the names of the heirs-at-law and next of kin of deceased, so far as known, with their residences or post-office addresses, and the manner or degree of relationship in which each was related to the deceased, as is required by that rule.

The notice of appeal filed in the orphans court appears in the printed book, although it is not included in the surrogate's transcript of the proceedings certified by him. The notice purports to be given by Emeline Stiles, who declares thereby that she is one of the heirs-at-law of the deceased.

The petition of appeal in this court does not disclose the interest of petitioner with respect to the will in question, or show how she claims to be aggrieved by the decree admitting it to probate.

The executor and the beneficiaries under the will answered the petition of appeal, and upon the matter being brought to the attention of the ordinary it was suggested that the case did not disclose how the appellant was aggrieved by the decree, and thereupon the proctors, by agreement, took testimony in this court before a master. It thereby appears that decedent died, leaving no issue or descendants, and that appellant is one of her nearest of kin and one of her heirs-at-law. Incidentally, it

appears that there are others of equal degree of kindred and also heirs-at-law of the decedent.

Counsel for respondents contests the right of appellant to prosecute the appeal. His contention is that she did not caveat against the probate herself, or come into the contest under the caveat of Mrs. Whiteman, and therefore was not a party to the action having a right to appeal. His further contention is that upon her claim that she was not cited into the orphans court, the decree does not affect her rights as next of kin or heir-at-law, and therefore does not aggrieve her.

He also contends that there was no duty upon the surrogate to cite the heirs-at-law or next of kin of deceased, but that his duty was performed by the citation of the executor and the beneficiaries under the will.

These contentions may be considered in connection with the contentions on the part of the appellant.

The first contention of appellant is that the orphans court had no jurisdiction to adjudicate upon the validity of the will or to admit it to probate. This contention is made upon two grounds. It is first insisted that no jurisdiction was acquired by the orphans court, because the surrogate had no power to issue citations returnable into that court, no application in writing having been previously presented to him, as is expressly required by rule 1 of the orphans court rules. It is next insisted that the orphans court acquired no jurisdiction to proceed to the consideration of the matter, because it has been made to appear by the transcript and by the proofs taken here that there were next of kin and heirs-at-law of the decedent who were not cited to appear before it.

It will be observed that the transcript discloses no application in writing by the executor for the probate of the will, addressed to the surrogate, except that which was dated after the issue and return of the citations, and on the day of the admission of the will to probate by the decree of the orphans court. Moreover, that application is defective in that it does not conform to the express requirements of the rule.

But I do not think that the jurisdiction of the orphans court fails because of the omission to present the will to the surrogate,

with an application in writing for probate of the character required by rule 1. The statute requires the surrogate, upon the presentation of a will to him, if a caveat is put in against its being proved, to issue citations returnable in the orphans court, which is given power to determine the matter thus brought into controversy. *Orphans Court act,* § *13, P. L. of 1898 p. 718.* The jurisdiction of the orphans court over the subject-matter of such a controversy arises upon the caveat being filed and the will presented. The surrogate ought to decline to receive a will presented without an application in writing, such as is required by the rule, but if he receives it and finds a caveat against its probate filed, and thereupon cites the persons concerned, pursuant to the direction of the statute, I think it is clear that the jurisdiction of the orphans court attaches to the controversy.

But the second objection raises a question more difficult to solve. By the language of the statute above cited, the surrogate is bound to issue citations to "all persons concerned." In this case the surrogate has cited only the executor, who presumably propounded the will for probate, and the persons named as beneficiaries therein. They are doubtless persons concerned in the matter in controversy, which the statute commits to the jurisdiction of the orphans court. But they are not the only persons concerned. If the decedent died possessed of personal estate, the will may dispose of it otherwise than to the next of kin, as would be done under the statute of distribution. If he died seized of land, his heirs-at-law may be disinherited by its devises. Both next of kin and heirs-at-law are persons concerned in its probate, because the alleged will relates to their interest.

Such has been the general view of practitioners and the practice of the orphans courts. For the purpose of disclosing who are the persons concerned in any given case, rule 1 of the orphans court was promulgated. It requires the applicant for probate to place upon record, with a verification, not only the names of the next of kin and heirs-at-law, but their residence and their degree of relationship to the deceased, the plain purpose being to enable the surrogate and the orphans court to

perceive, from the record itself, to whom citations should issue, and to determine whether they have been issued and served in the manner provided for the service of process for appearing before the orphans court by sections 174 and 175 of the act of 1898, or whether the non-resident persons have been brought in by service or publication in the manner provided by sections 177 and 178 of the same act. By orphans court rule 24, provision is made for the appointment of guardians *ad litem* for infants cited.

It does not appear that the orphans court was informed that there were next of kin or heirs-at-law who were not cited. If that had been shown, the court would doubtless have continued the matter and would have required them to be cited. In the absence of objection, it proceeded to hear the matter and decreed probate upon evidence of the execution of the will with all required formality, and that testatrix then had testamentary capacity that is entirely satisfactory.

Can a decree, made under such circumstances, be challenged on appeal by one who might have been, but was not, a caveator? By section 204 of the act of 1898, the right of appeal from any decree of the orphans court is given to any "person aggrieved thereby." Who are persons aggrieved by a decree admitting a will to probate?

If no caveat had been filed and the surrogate had admitted the will to probate, appellant, however aggrieved thereby, would have had no relief except by an appeal to the orphans court, taken within the time limited by the statute. *Murray* v. *Lynch, 64 N. J. Eq. (19 Dick) 290; S. C., 65 N. J. Eq. (20 Dick) 399.* But when a caveat is filed the legislative scheme contemplates that all persons concerned shall be notified of the contest thus inaugurated and given an opportunity to take part therein. Persons cited may doubtless appear in person or by proctor, cross-examine witnesses called by the proponent or contestants, present evidence for or against the admission of the will to probate and in all respects act as parties to the contest. They occupy a similar relation to the contest to that of persons noticed to attend the probate of a will in this court. *In re Hodnett, 65 N. J. Eq. (20 Dick.) 329.* Persons thus cited who appear and

take part in the contest, may, if aggrieved by the decree, appeal therefrom. Whether one cited in such a case who does not appear, or who, appearing, does not intervene in the contest, may maintain an appeal, may be questioned.

But appellant was not cited and did not appear or intervene in the contest. Can she be said to be a person aggrieved by the decree?

The answer to this question must depend on the effect of the decree upon her rights.

The orphans court is not a tribunal of limited or special jurisdiction in the sense that its proceedings must set forth everything necessary to give it jurisdiction or to be presumptively void as *coram non judice.* *Clark* v. *Costello, 59 N. J. Law (30 Vr.) 234.* On the contrary, it is a court of general jurisdiction in the sense that its judgments are entitled to a presumption of regularity, and facts necessary to sustain jurisdiction will be presumed and no evidence admitted to contradict them in any collateral proceeding. *Plume* v. *Howard Savings Institution, 46 N. J. Law (17 Vr.) 211; In re Coursen's Will, 4 N. J. Eq. (3 Gr. Ch.) 418; Hess* v. *Cole, 23 N. J. Law (3 Zab.) 120; Obert* v. *Hammel, 18 N. J. Law (3 Harr.) 73; Boulton* v. *Administrators of Scott, 3 N. J. Eq. (2 Gr. Ch.) 231.*

Moreover, a transcript of the will and letters testamentary, duly certified, is admissible in evidence in any cause. It has evidential force, for it is settled that in an action of ejectment brought by an heir-at-law against a devisee of lands the transcript, if containing proofs showing execution in the manner required by statute, will be *prima facie* evidence and sufficient to establish title, if not overcome by counter proof. *Allaire* v. *Allaire, 37 N. J. Law (8 Vr.) 312; S. C., 39 N. J. Law (10 Vr.) 113.*

One is aggrieved by a decree whose pecuniary interest is directly affected thereby, or whose right of property may be established or divested thereby. *Swackhamer* v. *Kline, 25 N. J. Eq. (10 C. E. Gr.) 503; Andress* v. *Andress, 46 N. J. Eq. (1 Dick.) 528.* Upon this principle, and in view of the effect of the decree, I think appellant is a person aggrieved, who may appeal and demand the reversal of the decree, if the same is erroneous.

The first ground on which reversal is sought is not maintainable. The proofs before the orphans court justified and required an adjudication establishing the will.

But these proofs were taken without the appellant having been cited, as required, and so without having been given the opportunity to contest contemplated by the statute. She ought to have that opportunity. To simply reverse the decree would do injustice to the parties under the will. They should be given an opportunity to supply the defects in the proceedings and to prove the will.

This court, upon the reversal of the decree, may doubtless remit the record to the orphans court, with directions to cite the persons concerned, and to proceed to hear and determine whether the will should be admitted to probate. But the whole matter is now in this court, which has original jurisdiction over the probate of wills. Under the circumstances, I think that the executor, if he desires, may cite or notice all the persons concerned to appear in this court, at a day fixed, when he will attend with the will and witnesses and proceed to its probate. The executor may elect which course to pursue, and if he elects to proceed in this court no decree will be made until after hearing.